**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,        :
                                      :
                                      :        ID. No. 1906013738

     v.                                :
                                      :

TIMOTHY MCCRARY,       :
                                        :

     Defendant.           :
                                        :

Submitted: March 30, 2026
Decided:   April 24, 2026

**ORDER**

On this 24th day of April 2026, having considered Defendant Timothy McCrary's appeal of the Commissioner's Report and Recommendation denying his motion for postconviction relief (hereinafter, the "Report"), Mr. McCrary's written objection to the Report, and the State's response to that objection, it appears that:

1.      Defendant Timothy McCrary was convicted of four counts of Unlawful Sexual Contact First Degree after a bench trial. The Court sentenced him to twenty years' incarceration—comprised of four consecutive mandatory five-year terms—followed by extended probation. He contends in his motion that his trial counsel performed deficiently because he did not advocate merging the sentences for two of the counts. He seeks reduction of the length of his incarceration by a net of five years.

2.      As background, Mr. McCrary appealed his convictions to the Delaware Supreme Court. There, he argued that (1) the Superior Court violated the Confrontation Clause when it considered two prior, out-of-court statements admitted under 13 *Del. C.* § 3513, (2) the Superior Court abused its discretion when it admitted another victim's prior, out-of-court statement under 11 *Del. C.* § 3507

without sufficient foundation, and (3) the cumulative prejudice of those errors deprived him of a fair trial. The Delaware Supreme Court rejected those arguments and affirmed Mr. McCrary's convictions.[1]

3. Mr. McCrary next filed *pro se* motions for postconviction relief and appointment of counsel.[2] The Court granted the latter.[3] Postconviction counsel then filed a motion to withdraw after representing that Mr. McCrary had no non-frivolous grounds for postconviction relief.[4] Presently, Mr. McCrary proceeds *pro se* after filing an amended Rule 61 motion.[5]

4. After considering the parties' positions regarding the amended motion, the Commissioner issued her findings and recommendations in the Report.[6] From the outset, how the Report applied Superior Court Criminal Rule 61(i)(4)'s procedural bar is unclear. At times, the Report seems to indicate that his claims are barred in their entirety.[7] Elsewhere, the Report correctly recognizes that at least one of his contentions implicate an ineffective assistance of counsel claim, which is not procedurally barred.[8] As to the former, Mr. McCrary's redundant arguments regarding the admissibility of evidence were raised and rejected on direct appeal. The Report correctly recognizes that they are procedurally barred because they meet no recognized exception. As to the latter reference, a blanket procedural bar imposed against all claims would be inappropriate because one of his contentions—the one

---

[1] *McCrary v. State*, 290 A.3d 442, 445 (Del. 2023).
[2] D.I.s 88, 89.
[3] D.I. 90.
[4] D.I. 111.
[5] D.I. 116.
[6] D.I. 136.
[7] *Id.* at 12, 17.
[8] *Id.* at 14.

he raises on appeal—alleges ineffective assistance of counsel.[9] As to the substance of his ineffective assistance claim, the Report found that Mr. McCrary's ineffective assistance claim failed.[10]

5.      The Court's scope of review when considering Mr. McCrary's objection requires the review *de novo* of only the objected-to portions of the Report.[11] Accordingly, the Court considers Mr. McCrary's contention that trial counsel should have advocated for merger of two of his USC convictions—counts 3 and 4—at sentencing.   He argues that the multiplicity doctrine required merger because the two alleged offenses involved the same conduct perpetrated upon the same victim.

6.      The Court's *de novo* review of this objection requires application of the substantive standard for ineffective assistance of counsel claims.   To prevail, he must show that (1) his trial counsel's performance was objectively unreasonable, and (2) he suffered prejudice because of trial counsel's unreasonable performance.[12] Under the first prong, courts apply a strong presumption that counsel's performance was reasonable and avoid applying hindsight bias because of a poor result.[13]   Under the second prong, the movant must demonstrate actual prejudice based on the attorney's mistake.  To that end, he or she must demonstrate a reasonable probability that the result at trial or sentencing would have been different but for counsel's unprofessional error.[14]

---

[9] *See Green v. State*, 238 A.3d 160, 175 (Del. 2020) ("Simply put, ineffective-assistance claims are not subject to Rule 61(i)(3)'s bar because they cannot be asserted in the proceedings leading to the judgment of conviction under the Superior Court's rules and this Court's precedent.").
[10] D.I. 136 at 17.
[11] Del. Super. Ct. Crim. R. 62(a)(5)(iv).
[12] *Strickland v. Washington*, 466 U.S. 668, 687 (1985); *see also Albury v. State*, 551 A.2d 53, 58 (Del. 1988) (wherein the Delaware Supreme Court confirmed the application of *Strickland* under Delaware law).
[13] *Strickland*, 466 U.S. at 687.
[14] *Id.* at 694.

7. In this case, Mr. McCrary demonstrates neither unreasonable performance nor prejudice. Simply put, there is no unreasonable performance or prejudice when an attorney declines to advocate a position that is incorrect as a matter of law. To this end, the multiplicity doctrine applies when both the victims *and* the harms caused by the two crimes are the same.[15] The Court found, after a trial, that Mr. McCrary committed two separate acts that caused two separate harms. Specifically, Mr. McCrary separately and distinctly touched two separate areas of the seven-year-old victim's body—her buttocks and then later her vagina. To this end, whether his conduct constituted one continuous act or multiple separate acts was a question of fact.[16] As the Delaware Supreme Court recognized in the context of sex offenses, "[a] person who commits multiple sexual assaults upon the same victim may be held responsible for, *and punished for*, each separate and distinct act," even if each separate act is charged under the same statute.[17] Trial counsel neither acted unreasonably by declining to advocate for the unavailable nor prejudiced Mr. McCrary because any such request would have been unsuccessful.

8. The Delaware Supreme Court examined similar circumstances on appeal in *Black v. State*.[18] There, the Court explained the importance of considering whether the defendant committed separate acts and separate harms. The defendant argued that his conviction of three counts of Unlawful Sexual Contact violated the Double Jeopardy Clause where the victim testified that the defendant touched her vagina and buttocks with his finger, and then touched her buttocks with his penis.[19] In upholding the jury's verdict, the Court held that the evidence supported the jury's

---

[15] *Thompson v. State*, 129 A.3d 883, 2015 WL 8983134, at *2–3 (Del. Dec. 14, 2015) (TABLE).
[16] *Wyant v. State*, 519 A.2d 649, 661 (Del. 1986).
[17] *Feddiman v. State*, 558 A.2d 278, 288–89 (Del.1989) (emphasis added).
[18] *Black v. State*, 970 A.2d 256, 2009 WL 804631, at *2 (Del. March 27, 2009) (TABLE).
[19] *Id.* at *2; *see also Feddiman*, 558 A.2d at 288 ("The division of a single offense into multiple counts of an indictment violates the double jeopardy provisions of the Constitutions of the State of Delaware and of the United States.").

factual finding that Black's actions constituted three separate, distinct acts.[20] Accordingly, the defendant's commission of the same acts within a short time frame did not prohibit his convictions and sentencing for three distinct charges.[21] In Mr. McCrary's case, he committed two acts that caused two separate harms which made merger for purposes of sentencing inappropriate. It follows that his trial counsel was not ineffective for declining to raise an argument that had no merit.

**WHEREFORE**, the Court accepts the Commissioner's Report and Recommendation, in part, and rejects it in part. As a result, Defendant Timothy McCrary's motion for postconviction relief is **DENIED**.

**IT IS SO ORDERED.**

/s/ Jeffrey J Clark
Resident Judge

oc: Prothonotary
cc: The Honorable Andrea M. Freud
    Michael B. Cooksey, DAG
    Trial Counsel
    Timothy K. McCrary, JTVCC

---

[20] *Black*, 2009 WL 804631, at *2.
[21] *Id.*